UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID L. MARTIN,           )<br>                                         )<br>                      Petitioner,    )<br>         v.                              )      Case No. 1:16-cv-1242-JMS-DKL<br>                                         )<br>SUPERINTENDENT, Heritage Trail  )<br>Correctional Facility,            )<br>                                         )<br>                      Respondent.  ) | |

**Entry Concerning Selected Matters**

**I.**

A copy of the docket sheet shall be included with the petitioner's copy of this Entry.

**II.**

The petitioner states in his filing of June 27, 2016 that he has an incomplete or an incorrect understanding of the exhaustion requirement of the federal habeas statute. He asks for information and guidance regarding the exhaustion requirement.

The Court provides the information set forth in Part III of this Entry, but cannot do more. District judges have no obligation to act as counsel or paralegal to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). This rule, as well as the Court's role as an impartial forum and the nature of adversarial litigation, prevents the Court from providing legal advice to the petitioner or to any other litigant. *See Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005).

**III.**

The exhaustion of available and meaningful state court remedies is required by the federal habeas statute. *See Baldwin v. Reese,* 124 S. Ct. 1347, 1349 (2004)("Before seeking a federal writ

of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners federal rights.")(internal quotations omitted).

"The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes,* 112 S. Ct. 1715, 1720 (1992); *see also Gibson v. Scheidemantel,* 805 F.2d 135, 138 (3d Cir. 1986)(noting that the exhaustion requirement "is not a mere formality. It serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights.").

The exhaustion requirement is satisfied, and exhaustion of state court remedies is achieved, when the petitioner "present[s] the state courts with the same claim he urges upon the federal courts." *Picard v. Connor*, 404 U.S. 270, 275 (1971)). Exhaustion is achieved when a future habeas petitioner fairly presents the future habeas claim(s) at the time, and in the way, required by state law. *Hogan v. McBride,* 74 F.3d 144, 146 (7th Cir. 1996). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025–26 (7th Cir. 2004). A claim is fairly presented where "the state court was sufficiently alerted to the federal constitutional nature of the issue to permit it to resolve that issue on a federal basis." *Ellsworth v. Levenhagen*, 248 F.3d 634, 639 (7th Cir. 2001) (quotation marks omitted). Fair presentment requires the petitioner to include in his state filing "a reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." *Gray v. Netherland,* 116 S. Ct. 2074, 2081 (1996).

Having reviewed what the exhaustion requirement is and what is necessary to satisfy the exhaustion requirement, it is also noted the exhaustion requirement is not jurisdictional and may be excused if "there is either an absence of available State corrective process[ ] or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i) & (ii).

Exhaustion of state remedies is determined as of the time that the habeas petition is filed. *Verdin v. O'Leary,* 972 F.2d 1467, 1483 (7th Cir. 1992).

## IV.

Under Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Courts,* a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." "[T]here is no doubt that a federal court may raise *sua sponte* a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete." *Magouirk v. Phillips,* 144 F.3d 348, 357 (5th Cir. 1998) (citations omitted)).

Public records show that the petitioner is a party to an appeal docketed in the Indiana Court of Appeals as No. 49A04-1603-CR-00550, that this is an appeal from the final judgment of the Marion Superior Court, Criminal Division 3, in No. 49G03-1508-F5-027234, and that this appeal was filed on April 11, 2016. Public records also show that the petitioner was sentenced in No. 49G03-1508-F5-027234 on April 8, 2016. The habeas petition identifies No. 49G03-1508-F5-027234 as the docket number assigned to the case which resulted in the conviction the petitioner is challenging.

"[W]hen examining a habeas corpus petition, "the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990). If the claims raised in a federal habeas corpus petition have not been exhausted, the petition should be dismissed. *See Anderson v. Harless,* 459 U.S. 4, 6 & 7–8 (1982). With his direct appeal pending, the petitioner's failure to have fully exhausted his state court remedies prior to filing this action on May 19, 2016 is evident. He shall have **through July 27, 2016** in which to *either demonstrate* that he had exhausted his state court remedies at the time this action was filed *or show cause* why the action should not be dismissed without prejudice based on his failure to have done so.

IT IS SO ORDERED.

Date: July 6, 2016

                                                Hon. Jane Magnus-Stinson, Judge
                                                United States District Court
                                                Southern District of Indiana

Distribution:

DAVID L. MARTIN
162142
HERITAGE TRAIL CORRECTIONAL FACILITY
501 W. Main Street
Plainfield, IN 46168